IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00575 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| EDRIS ALIM SHERRIEFF, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian S. Deckert, Assistant United States Attorney, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Investigation Report filed April 30, 2019, (R. 12: PSR, PageID 63) and recommends a sentence within the range specified in paragraph 57 of the report.

I.  **OFFENSE CONDUCT AND GUIDELINE CALCULATION**

   A.   Offense Conduct

On July 21, 2017, the Ohio State Highway Patrol stopped a motor vehicle due to a speed infraction and discovered the defendant as the operator. The trooper detected the odor of marijuana and conducted a probable cause search of the motor vehicle. A computer bag was located in the trunk that contained a laptop computer, encoder, and 36 counterfeit unauthorized access devices. A search of the computer revealed an additional 490 unauthorized credit card numbers. A forensic examination of the internet search history revealed that the defendant had visited websites that were known to sell illegally obtained credit card information. The defendant was interviewed and took responsibility for the illegal items found in the motor vehicle.

B.     Guideline Calculation

The defendant was indicted on October 11, 2018, for one count of possession of fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) and one count of illegal possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4). (R. 1, Indictment; PageID 1-2).  On January 22, 2019, the defendant pled guilty pursuant to a Rule 11(c)(1)(B) plea agreement. (R. 9: Plea Agreement, PageID 34-44). The following is the relevant guideline calculations as correctly stated in the presentence report and in the plea agreement. (R. 12: PSR, PageID 68-69).

| Counts 1 and 2: Access Device Fraud | | |
|---|---|---|
| Base offense level | 6 | § 2B1.1(a)(2) |
| Loss: $ 250,000 - $ 550,000 | +12 | § 2B1.1(b)(1)(G) |
| Possession of Device-Making Equipment | +2 | § 2B1.1(b)(11)(A)(i) |
| Subtotal | 20 | |

| Total Offense Level before Acceptance of Responsibility | 20 |
|---|---|

A review of the defendant's criminal convictions found 8 points that counted, placing him in criminal history category IV. With an offense level 17 after acceptance of responsibility and a criminal history category of IV, his guideline imprisonment range is 37-46 months. (R. 12: PSR, PageID 74).

## II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a)  Factors to be considered in imposing a sentence. --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

2

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed--

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

    (5) any pertinent policy statement--

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    The nature and circumstances of the defendant's offense conduct and his history and characteristics indicate that this Court has much to consider. The defendant is 25 years old and has numerous and repeated fraud related convictions over the past five years. As described below, the defendant's history demonstrates a repeated pattern of fraudulent behavior.

    In February 2015, the defendant was convicted of 10 counts of Possession of Fraudulent Financial Transaction Device in Warren, Michigan, and was sentenced to 2 years of probation. In January 2016, the defendant violated his probation and was sentenced to 30 days in jail.

In January 2016, the defendant was again convicted of Possession of Fraudulent Financial Transaction Device and Illegal Use/Sale of Fraudulent Financial Transaction Device in two different case numbers in Mt. Clements, Michigan, and was sentenced to 60 days in jail and 2 years of probation.  In February 2018, the defendant violated his probation and it was terminated.

In March 2016, the defendant was again convicted for Possession of Fraudulent Financial Transaction Device in Detroit, Michigan, and was sentenced to supervision.

On July 21, 2017, the defendant was arrested for the instant offense while he was still on probation.  In November 2017, after his arrest but prior to his indictment in this case, the defendant was convicted of Fraud in Dearborn, Michigan, and fined.

As a result of the defendant's consistent criminal activity over the last five years and absolute failure to benefit from previously imposed sanctions, the Government's position is that his criminal history score is not overrepresented, and a sentence within the guideline range reflects the seriousness of his offense, promotes respect for the law and provides just punishment for his criminal conduct.  Furthermore, the Presentence Investigation Report has not identified any factors as possible founds for a departure or variance from the sentencing guidelines provisions.

### III. CONCLUSION

    Based on the lengthy and repeated criminal history, his repeat offender status while under court supervision or sanction, and complete lack of regard for the criminal justice system, the Government respectfully requests this Court sentence the defendant within the advisory guideline range.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Brian S. Deckert
    Brian S. Deckert (OH: 0071220)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3873
    (216) 522-8355 (facsimile)
    Brian.Deckert@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of June 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

        /s/ Brian S. Deckert
        Brian S. Deckert
        Assistant U.S. Attorney